**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                          (206) 370-8810

July 27, 2012

**Delivered Via CM/ECF**

    RE:    <u>Lopez v. Safeway, Inc.</u>, C12-0310RSL
              Stipulated Protective Order

Dear Counsel:

On June 19, 2012, the Court received your proposed Stipulated Protective Order (Dkt. # 15).

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect confidential commercial information and/or to limit the scope of specific disclosures.  Such protective orders may issue upon a showing of good cause.  Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted.

The parties' request to file confidential materials under seal raises additional concerns.  This is a public court and its business should be conducted publicly unless there is a specific reason to keep things confidential.  As stated in Local Civil Rule 5(g)(2), "[t]here is a strong presumption of public access to the court's files" which, when dispositive relief is sought, "may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public view."

The stipulated protective order submitted in this case is deficient in the following respects:

First, the sixth category of "confidential" documents is either duplicative of the first five categories or, if it includes additional, undisclosed types of documents, gives too much discretion to the parties to designate documents subject to the protective order. This category is not narrowly drawn and does not clearly identify the class or type of documents subject to the order.

Second, the method for filing sealed documents described in the paragraph 3 of the proposed order does not comport with this district's electronic filing procedures. Documents will remain under seal only if ordered by the Court, not "upon the request of either party to the Clerk of the Court."

Third, your proposed order provides that the order may be modified by agreement of the parties; any modification of a protective order entered by the Court must be approved and signed by the Court.

Finally, the Court rarely hears disputes via teleconference: issues that need to be resolved by the Court should be presented by stipulation or written motion.

The stipulated protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge